**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LARRY BEEDLE, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-99-827-M |
| ) | |
| WILLIAM WILSON, an individual, ) | |
| JIMMY KING, an individual, ) | |
| JACKSON COUNTY MEMORIAL HOSPITAL, ) | |
| County of Jackson, Altus, Oklahoma, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are Plaintiff's "Motion for Consideration of Supplemental Jurisdiction Over Plaintiff's Pendant State Claims" [docket no. 174], filed December 27, 2005, "Plaintiff Beedle's Amendment to Motion for Court's Consideration of Supplemental Jurisdiction Over Plaintiff's Pendant State Claims" [docket no. 177], filed January 3, 2006, and "Plaintiff Beedle's Motion For Court's Jurisdiction of Analogous Tort Claims Under Section 1983 [docket no. 184], filed January 17, 2006. Defendants filed their responses on January 17 and January 31, 2006. The motions have been fully briefed and are ripe for adjudication.

On February 22, 1999, Defendant Jackson County Memorial Hospital ("JCMH") filed a petition in Oklahoma state court based upon allegedly libelous statements made by Plaintiff. *Jackson County Mem'l Hosp. v. Beedle*, CJ-99-56. The Oklahoma Supreme Court eventually ordered that JCMH's suit be dismissed because, as a governmental entity, JCMH could not sue for libel. On June 6, 1999, Plaintiff, proceeding *pro se*, filed the instant action, alleging violations of

his First Amendment rights pursuant to 28 U.S.C. § 1983, as well as various state law claims.[1] Plaintiff alleges that Defendants violated his First Amendment rights by filing and maintaining an "illegal" lawsuit. On August 22, 2001, the Court granted Defendants' motion to dismiss for failure to state a claim, dismissed Plaintiff's federal claims, and declined to exercise supplemental jurisdiction over the state law claims. Plaintiff appealed the Court's dismissal of the federal claims but did not challenge the Court's decision not to exercise supplemental jurisdiction over the state law claims.[2]

In the instant motion, Plaintiff moves the Court to exercise supplemental jurisdiction over his state law claims. Plaintiff asserts, pursuant to *Grider v. USX Corp.*, 847 P.2d 779 (Okla. 1993), that the state law claims "are very much alive" as they were part of his appeal of this case to the Tenth Circuit. Plaintiff also asserts that the one year extension provided for in Oklahoma's "savings statute,"[3] which allows a plaintiff to bring a new action after a suit is dismissed for reasons other than on the merits[4], is counted from the date the appeal is terminated. Defendants assert that because Plaintiff did not appeal the dismissal of the state law claims, the one year period began to run from

---

[1]There were originally two plaintiffs, Larry Beedle and Peggy Korn. The Court dismissed Ms. Korn's claims, and on appeal the Tenth Circuit affirmed the Court's dismissal of all of Ms. Korn's claims.

[2]The Tenth Circuit did not disturb the Court's dismissal of Plaintiff's state law claims stating that Plaintiff did not appeal that part of the Court's ruling. As to Plaintiff's federal claims, the Tenth Circuit reversed the Court's dismissal of Plaintiff's First Amendment claim, and affirmed the Court's ruling in all other respects.

[3]Oklahoma's "savings statute" permits the filing of an action after the statute of limitations has run. *Grider*, 879 P.2d at 783.

[4]Plaintiff's state law claims were dismissed without prejudice, which does not operate as an adjudication on the merits. *See Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 858-59 (10th Cir. 2004); *see also Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993).

this Court's dismissal of those claims on August 22, 2001, and that, as such, Plaintiff's state law claims are time-barred.[5]

Oklahoma's "savings statute" provides, in pertinent part:

> If any action is commenced within the due time, and . . . if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within (1) year after the . . . failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12 O.S. § 100. For the purposes of this section, the one-year period begins to run when the appeal process is final, that is "when no appeal has been taken and the time for appeal has run or . . . [when] an appeal has been filed and acted upon by the appellate court." *Grider*, 847 P.2d at 784.

In this case, the order dismissing Plaintiff's state law claims was entered on August 22, 2001. An appeal must be filed within thirty (30) days of the complained of order. 28 U.S.C. § 2107. As such, the time for Plaintiff to appeal the dismissal of his state law claims expired on September 21, 2001. The Court finds that the one-year period began to run on that date and, because Plaintiff did not appeal the dismissal of his state law claims, the one-year period expired on September 21, 2002.[6]

---

[5] None of the parties assert that the original statute of limitations has not expired. As such, the Court only addresses whether, and to what extent, Oklahoma's "savings statute" applies to preserve Plaintiff's state law claims.

[6] While Plaintiff relies on *Grider*, the Court finds that *Grider* is distinguishable from the case at bar. In *Grider*, it was not clear from the record whether the plaintiff had actually appealed the district court's dismissal of the state law claims. In fact, "[t]he Tenth Circuit stated that the plaintiff did not intend to waive any state claims, should [the federal] claims be reinstated, but rather intended to pursue them under principles of pendent jurisdiction." *Grider* at 785. In contrast, in the case at bar, the Tenth Circuit acknowledged this Court's dismissal of Plaintiff's state law claims and specifically stated that Plaintiff did not challenge that ruling. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). Accordingly, the Court finds that Plaintiff's reliance on *Grider* is misplaced.

Accordingly, having carefully reviewed the parties' submissions, the Court finds that Plaintiff's state law claims are time barred. The Court, therefore, DENIES Plaintiff's "Motion for Consideration of Supplemental Jurisdiction Over Plaintiff's Pendant State Claims" [docket no. 174], "Plaintiff Beedle's Amendment to Motion for Court's Consideration of Supplemental Jurisdiction Over Plaintiff's Pendant State Claims" [docket no. 177], and "Plaintiff Beedle's Motion For Court's Jurisdiction of Analogous Tort Claims Under Section 1983 [docket no. 184].

**IT IS SO ORDERED this 31st day of May, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE